# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **KAREN RICHARDS** | **CIVIL ACTION NO. 07-1020** |
| VS. | JUDGE HAIK |
| **MICHAEL J. ASTRUE, COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE METHVIN** |

### *RULING ON MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO EQUAL ACCESS TO JUSTICE ACT*
*(Rec. Doc. 17)*

Before the undersigned is plaintiff's Petition for Attorney's Fees (rec. doc. 17), under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner does not oppose an award of attorney fees in principal, but objects to the number of hours and the rate requested. Plaintiff did not reply to the objection.

### *Argument of Parties*

### *Rate of Compensation*

Plaintiff asks that he be paid at a rate of $168.62 per hour, which he calculates by applying a cost of living increase based on the Consumer Price Index to the EAJA's $125.00 statutory cap.[1] Plaintiff states that the EAJA originally set the attorney fee cap at $75.00 per hour, and was subsequently amended in 1996, to $125.00 per hour. plaintiff argues that this increase is "approximately the same figure that would have been obtained by factoring in the cost

---

[1] 28 U.S.C. §2412(d)(2)(A), amended on March 29, 1996, by Title III, Subtitle C of H.R. 3136 to increase the cap to $125.00.

of living increase since the EAJA was enacted in October 1981...."[2]  Plaintiff argues that the Consumer Price Index (CPI) increased 1.3489% from March 1996, to December 2007, and thus, "[t]he $125.00 statutory cap should be increased to $168.62 to account for the increase in the cost of living which occurred through December 2007."[3]

Defendant responds that the prevailing rate in Lafayette, in the Western District of Louisiana, is $125.00 per hour, and although counsel for plaintiff is from New Orleans, in the Eastern District of Louisiana, the case originated in Lafayette.  Defendant further argues that counsel submits no evidence to support his assertion regarding the CPI increase, nor the locality referenced, and that the authority cited by plaintiff is not controlling in the Western District.[4]

***Compensable Hours***

Counsel for plaintiff asks that he be compensated for 22 hours of time spent on the appeal, and an additional three hours spent on preparation of this application for attorney fees.

Defendant objects to four entries of .25 hours each, arguing that "these activities related exclusively to Plaintiff's attorney's need for an enlargement of time in which to prepare and file Plaintiff's Brief."[5]  Defendant also objects to plaintiff's request for three hours of time to prepare the application for attorney's fees, arguing that it is excessive "particularly in light of the relative brevity of the petition and its supporting documents, the absence of supporting evidence for such

---

[2] *Memorandum of Law in Support of Petition for Attorney's Fees* (rec. doc. 17-4), p. 3.

[3] *Id*, p. 4.

[4] Plaintiff cites <u>Abdullah-Abdullah v. Astrue</u>, Civil Action 07-425, Middle District of Louisiana.

[5] *Defendant's Response to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* (Rec. Doc. 19), p. 2.

items as Plaintiff's attorney's CPI[6] request, and the apparent repetitiveness of Plaintiff's attorney's EAJA requests in each case, as mentioned above."[7] Defendant argues that one hour of time on the EAJA petition is adequate.

In sum, defendant objects to three hours of the total 25 hours requested by plaintiff.

## *Applicable Law and Analysis*

Under the EAJA, the court must award attorney's fees to a successful Social Security benefits claimant unless the Commissioner proves that its position denying benefits was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). In this case, the government has no objection to an award of fees. Therefore, plaintiff's motion for attorney fees pursuant to the EAJA is granted.

Since the Commissioner makes no argument that its position was substantially justified, counsel for plaintiff is entitled to compensation for hours expended on the underlying action as well as those spent on the fee application. Russell v. National Mediation Bd., 775 F.2d 1284, 1291, n. 8 (5th Cir. 1985). The undersigned finds that the total hours requested for legal work on the underlying application and the fee application are reasonable. Plaintiff's motion for extension of time was requested due to the voluminous trial record, and to ensure adequate research, investigation and preparation of her memorandum. Thus, the extension of time was not only for counsel's benefit, but for all parties and the court. Furthermore, three hours is not an excessive amount of time to spend on the EAJA petition. The affidavit itself may have required an hour. Accordingly, attorney fees will be awarded for 25 hours.

---

[6]"CPI" is an acronym for the consumer price index.

[7]*Defendant's Response to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* (Rec. Doc. 19), p. 3.

The statute provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has interpreted this provision as allowing an increase in the statutory maximum, but not requiring it, and has held that any increase in the hourly rate based on an increase in the cost of living is not to be decided on an individual basis. Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988). More recently, the Fifth Circuit clarified that while an increase in attorney fee rate based on a cost-of-living adjustment is not an individualized determination, uniformity across an entire district is not required – the key is uniformity among federal courts in the same market. Yoes v. Barnhart, 467 F.3d 426 (5th Cir. 2006).

The customary hourly rate in this market area, the Western District of Louisiana, Lafayette Division, has fluctuated between $100 and $125, and more recently has been stable at $125.00. Lisa Todd v. Commissioner of Social Security, No. 07-00754 (August 29, 2008)($125); Barbara T. Brown v. Commissioner of Social Security, No. 05-01336 (July 10, 2008)($125); David A. Batiste v. Commissioner of Social Security, No. 06-00166 (June 15, 2007)($125); ; Rhonda G. Huval v. Commissioner of Social Security, No. 99-1056 (August 18, 2000)($125); Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691 (January 12, 2000)($100) Bonnie G. Duhon v. Commissioner of Social Security, No. 98-1883 (June 29, 1999)($100); Randy P. Bertrand v. Commissioner of Social Security, No. 98-1220 (June 2, 1999)($100).

Counsel for plaintiff has not provided the court with any evidence that a rate of more than $125 per hour is customary in this market, and adjustments for changes in the cost of living are

not to be made on an individualized basis. "[W]hile the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it." Yoes v. Barnhart, 467 F.3d at 427, citing Baker, 839 F.2d at 1082 (5th Cir. 1988). I therefore conclude that $125 per hour is an appropriate hourly rate in the Lafayette Division of the Western District of Louisiana.

### *Conclusion*

For the reasons given above,

**IT IS ORDERED** that plaintiff's Petition for Attorney's Fees (rec. doc. 17) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The sum of $3125.00 is awarded to Richards as an EAJA fee, which represents 25 hours of legal work at an hourly rate of $125;

2. The Commissioner of the Social Security Administration shall forward a check payable to Paul Brian Spurlock in the amount of $ 3,125.00, pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date;

3. All other relief requested is **DENIED**.

Signed at Lafayette, Louisiana, on October 7, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)